# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>ROLAND TY PEASE,<br><br>     Debtor. | Chapter 7<br><br>Case No. 25-10255 MAF |
| ANTHONY J. MANHART, Chapter 7 Trustee,<br><br>     Plaintiff,<br><br>v.<br><br>CARRIE JOHNSON, f/k/a CARRIE BLACKWELL.<br><br>     Defendant. | Adv. Pro. 26- |

## COMPLAINT

**NOW COMES** Plaintiff, Anthony J. Manhart, in his capacity as Chapter 7 Trustee (the "Trustee" or the "Plaintiff") in the above-captioned chapter 7 case, by and through counsel, Perkins Thompson, P.A., and hereby complains against Carrie Johnson, f/k/a Carrie Blackwell ("Ms. Johnson" or the "Defendant").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and District of Maine Local Rule of Civil Procedure 16.8, whereby all civil proceedings arising under the Bankruptcy Code, or arising in or related to cases under the United States Bankruptcy Code (the "Bankruptcy Code"), are automatically referred to this Court.

2. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

{P2633278.1}

3.      This Adversary Proceeding is brought pursuant to the Federal Rules of Bankruptcy Procedure 7001 and 7008 and D. Me. LBR 7003-1.

4.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (F), and this Court has authority to enter final orders and judgment herein.

5.      The Trustee consents to the entry of final orders by the Bankruptcy Court in this adversary proceeding.

6.      The Trustee has standing to bring the causes of action herein pursuant to §§ 547(b) and 550(a) of the Bankruptcy Code.

**PARTIES**

1.      The Trustee is the duly appointed, qualified, and acting chapter 7 trustee in the above referenced case, with a business address in City of Portland, County of Cumberland, State of Maine.

2.      Debtor Roland Ty Pease ("Debtor") is an individual residing in the Town of Union, County of Knox, State of Maine.

3.      Upon information and belief, the Defendant is an individual residing in the Town of Warren, County of Knox, State of Maine.

**STATEMENT OF MATERIAL FACTS**

4.      On December 17, 2025, Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code in this Court, Case No. 25-10255 (the "Bankruptcy Case").

5.      On December 18, 2025, and pursuant to § 701 of the Bankruptcy Code, the Trustee was appointed as chapter 7 trustee in the Bankruptcy Case.

6.      Prior to the Petition Date, Debtor owned a 2006 Harley Davidson Softtail Deluxe Motorcycle (the "Motorcycle"). *See* Amended Schedule A/B [Doc. 7].

{P2633278.1}

7. During the 90-day period prior to the Petition Date (the "Preference Period"), Debtor transferred property to or for the benefit of Defendant by allowing the Defendant to take possession of the Motorcycle (the "Transfer") in repayment of a deposit that the Defendant had made for work Debtor was to perform for the Defendant.

8. The Trustee, during his acting as chapter 7 trustee and administering this case, has conducted due diligence with respect to this claim, including examining Debtor's records, reviewing Debtor's schedules and statements filed in this case, and attempting to communicate with the Defendant. The Trustee does not believe that the Defendant has any viable defenses to the allegations made in this Complaint.

## COUNT I

### Avoidance of Preferential Transfers – 11 U.S.C. § 547

9. The Trustee repeats each of the allegations contained above as though fully set forth herein.

10. During the Preference Period, Defendant was a creditor of Debtor because Defendant paid to Debtor certain funds in the amount of $7,000, and Debtor was obligated to repay the Defendant for work he did not do.

11. The Transfer was made by Debtor to Defendant.

12. The Transfer was made to or for the benefit of Defendant, as payment for funds advanced by Defendant to Debtor.

13. The Transfer was made for or on account of antecedent debt or debts owed by Debtor to Defendant before such Transfer was made, as asserted by Defendant, which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by Debtor.

{P2633278.1}

14.     The Transfer was made by Debtor during the Preference Period.

15.     The Transfer was made while Debtor was insolvent (as that term is defined in the Bankruptcy Code).

16.     The Transfer, in whole or in part, enabled the Defendant to receive more than it would have received if the Transfers had not been made and each creditor received payment of the debt to the extent provided by the provisions of Chapter 5 of the Bankruptcy Code. 11 U.S.C. § 547(b)(1).

17.     The Trustee is therefore entitled to avoid the Transfers as preference pursuant to 11 U.S.C. § 547(b) of the Bankruptcy Code.

## COUNT II

### Recovery of Property – 11 U.S.C. §§ 550

18.     The Trustee repeats each of the allegations contained above as though fully set forth herein.

19.     Defendant is the initial transferee of the Transfers because Debtor made the Transfer directly to Defendant.

20.     Because the Trustee is entitled to avoid the Transfers for the reasons set forth above, and because Defendant is the initial transferee, the Trustee is entitled to recover the Motorcycle or the value of the Transfer from the Defendant pursuant to 11 U.S.C. § 550 of the Bankruptcy Code for the benefit of Debtor's bankruptcy estate and the liquidating trust.

WHEREFORE, the Trustee seeks entry of judgment: (a) avoiding the Transfer pursuant to § 547 of the Bankruptcy Code; (b) recovering the Motorcycle or the value of the Transfer from Defendant pursuant to § 550 of the Bankruptcy Code, along with his costs incurred herein, including attorneys' fees and pre- and post-judgment interest to the fullest extent allowed by

applicable law; and (c) granting the Trustee such other and further relief as the Court deems just and appropriate.

DATED: May 20, 2026

/s/ Alexander J. Mihalov
Alexander J. Mihalov, Esq.
Counsel for Anthony J. Manhart,
Chapter 7 Trustee

{P2633278.1}